**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CRAIG JEREMY RICHARDSON,<br><br>           Plaintiff,<br><br>vs.<br><br>THE HONORABLE BERT BROWN,<br><br>           Defendant. | 2:14–cv–618–JCM–VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION** |

This matter involves Craig Jeremy Richardson's civil rights action against the Honorable Bert Brown, Chief Las Vegas Municipal Court Judge. Before the court is Richardson's application to proceed *in forma pauperis* and complaint. For the reasons discussed below, the court grants Richardson's application to proceed *in forma pauperis* and recommends dismissing Richardon's complaint with prejudice.

Richardson's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Richardson submitted a financial affidavit (#1). According to the affidavit, Richardson's only source of income is $720.00 in social security benefits, which he collects monthly. (*Id.*) Richardson's application to proceed *in forma pauperis* is, therefore, granted.

Because the court grants Richardson's application to proceed *in forma pauperis*, it must review Richardson's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). After reviewing Richardson's complaint the court concludes

that it fails to state a claim upon which relief can be grated and, therefore, should be dismissed with prejudice.

Richardson's section 1983 actions seeks $70 million in relief because the Honorable Bert Brown, Chief Las Vegas Municipal Court Judge allegedly failed to comply with various provisions of the judicial code of conduct by, among other things, showing favor to a prosecutor when Richardson was criminally prosecuted and sentenced. (*See* Compl. (#1-1) at 4–5). These allegations fail to state a claim upon which relief can be granted.

"Courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process." *Demoran v. Will*, 781 F.2d 155, 156 (9th Cir. 1986). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *see also Miller v. Davis*, 1142, 1145 (9th Cir. 2008); *Partington v. Gedan*, 961 F.2d 852, 860 n. 8 (9th Cir. 1992); *Houghton v. Osborne*, 834 F.2d 745, 750 (9th Cir. 1987). Judges retain their immunity when they are accused of acting maliciously or corruptly, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir.1999); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989), and when they are accused of acting in error, *see Meek*, 183 F.3d at 965; *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam); *Ashelman*, 793 F.2d at 1075.

Therefore, the court recommends dismissing Richardson's complaint because the complaint only names one defendant—Judge Brown—who is absolutely immune from suit.

/// /// ///

/// /// ///

/// /// ///

2

ACCORDINGLY, and for good cause shown,

## **ORDER**

IT IS ORDERED that Plaintiff Richardson's application to proceed *in forma pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Richardson is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

## **RECOMMENDATION**

IT IS RECOMMENDED that Richardson's complaint be DISMISSED WITH PREJUDICE.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

/// /// ///

/// /// ///

/// /// ///

/// /// ///

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 28th day of April, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE