# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CRAIG JEREMY RICHARDSON,

    Plaintiff(s),

v.

THE HONORABLE BERT BROWN,

    Defendant(s).

2:14-CV-618 JCM (VCF)

## ORDER

Presently before the court are the report and recommendation of Magistrate Judge Ferenbach. (Doc. # 2). The magistrate judge recommends that *pro se* plaintiff Craig Jeremy Richardson's complaint (doc. # 1-1) be dismissed with prejudice. Plaintiff has filed an objection. (Doc. # 3).

**I.    Background**

In the instant action, plaintiff alleges various claims against the Honorable Bert Brown, Chief Las Vegas Municipal Court Judge, for civil rights violations pursuant to 42 U.S.C. § 1983. (Doc. # 1). Plaintiff seeks $70 million in relief, alleging that Judge Brown failed to comply with various provisions of the judicial code of conduct by, *inter alia*, showing favor to a prosecutor when plaintiff was criminally prosecuted and sentenced. (Doc. # 1 at 4-5).

In his report and recommendation, Magistrate Judge Ferenbach granted plaintiff's application to proceed *in forma pauperis*. As judges have absolute judicial immunity from damage actions under § 1983, the magistrate judge concluded that plaintiff's complaint failed to state a claim upon which

**James C. Mahan**
**U.S. District Judge**

1 relief could be granted. (Doc. # 2 at 1-2). Accordingly, the magistrate judge recommends that
2 plaintiff's complaint be dismissed with prejudice.

3 Plaintiff makes one objection to the magistrate judge's report. (Doc. # 3).

**II.   Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3–2. Upon the filing of such objections, the district court must make a de novo determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); D. Nev. R. IB 3–2(b). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.*

However, the district court need not conduct a hearing to satisfy the statutory requirement that the district court make a "de novo determination." *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (observing that there is "nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination'").

**III.   Discussion**

In his objection, plaintiff argues that he is challenging Judge Brown's "individual choices out side [sic] the operation of [Judge Brown's] official capacity." (Doc. # 3 at 1). Plaintiff contends that the conduct at issue is Judge Brown's "willingness to judge and sentence the plaintiff to 90 days after witnessing officer [J]acobitz perjuring himself in testimony [during plaintiff's criminal trial]." (Doc. # 3 at 1-2).

Plaintiff's argument fails. "Judges and those performing judge-like functions are absolutely immune from damages liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). As the conduct at issue is a judicial decision, Judge Brown has absolute immunity from plaintiff's § 1983 claim.

Thus, after conducting de novo review of the portions of the report to which plaintiff objected, the court finds good cause appears to adopt the magistrate judge's findings in full.

**James C. Mahan**
**U.S. District Judge**

- 2 -

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Ferenbach (doc. # 2) be, and the same hereby are, ADOPTED in their entirety.

IT IS FURTHER ORDERED that plaintiff's complaint (doc. # 1) is DISMISSED with prejudice. The clerk is instructed to enter judgment accordingly and close the case.

DATED July 29, 2014.

_____
UNITED STATES DISTRICT JUDGE